**MUAVAEFA`ATASI AE AE JR. and
EUGENE PAUL BAILEY, Plaintiffs**

**v.**

**AMERICAN SAMOA GOVERNMENT, Defendants**

High Court of American Samoa
Trial Division

CA No. 30-99

January 31, 2000

Before KRUSE, Chief Justice, ATIULAGI, Associate Justice, and SAGAPOLUTELE, Associate Justice.

Counsel: For Plaintiffs, Katopau T. Ainu'u
        For Defendants Rocedo Amusement Service Company, Young Gwen Choi, Tumua'i Kim, Samimati Samoa Corporation, Henry Satele, Sunny Enterprise, and Tumema Kim, Charles V. Ala'ilima
        For Defendant Tui's Enterprise, David P. Vargas
        For Defendant American Samoa Government and Governor Tauese P.F. Sunia, Henry W. Kappel, Counsel for the Office of the Governor, and Cheryl Crenwelge-Sione, Assistant Attorney General

## ORDER DENYING PLAINTIFF'S
## MOTION FOR SUMMARY JUDGMENT

On November 19, 1999, Plaintiffs Muavaefa'atasi Ae Ae Jr. and Eugene Paul Bailey filed a Motion for Summary Judgment. On December 27, 1999, the Court heard arguments regarding plaintiffs' motion from counsels Ainu'u, Kappel, and Peter Miller, the last of whom was substituting for David Vargas.

### Discussion

Summary judgment is appropriate only when the pleadings and supporting papers show "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." T.C.R.C.P. 56; *Etimani v. Samoa Packing Co.*, 19 A.S.R.2d 1, 4 (Trial Div. 1991). In ruling on a summary judgment motion, the court must view all pleadings and supporting papers in the light most favorable to the opposing party, treat the opposing party's evidence as true, and draw from such evidence the inferences most favorable to the opposing party. *Id.*

Plaintiffs' motion fails to meet the standard for summary judgment on two counts. First, the facts regarding plaintiffs' injuries, and whether they are sufficient to support a nuisance action, are in dispute. There remain genuine issues as to these material facts requiring more exposition at trial.

Second, even if plaintiffs' injuries were not disputed, the law regarding the legality of poker machines in the territory is anything but clear. On the contrary, a proper determination of this question turns upon facts and interpretations that are susceptible to multiple meanings. Drawing inferences most favorable to defendants with respect to the legal status of poker machines defeats plaintiffs' claim of illegality. This

question of law is therefore not sufficiently settled such that the Court may grant summary judgment.

## Order

For the reasons stated above, plaintiffs' motion for summary judgment is denied.

It is so ordered.